IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIC LENTZ, EY-2396, )
    Petitioner, )
     )
    v. ) 2:11-cv-39
     )
COMM. OF PENNSYLVANIA, et al., )
    Respondents. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Eric Lentz for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Eric Lentz, an inmate at the State Correctional Institution at Mercer, had presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. Lentz is presently service a five to ten year sentence imposed following his conviction upon a plea of nolo contendere to charges of possession, manufacturing and delivering controlled substances at Nos. 1102, 1103 and 1104 of 2002 in the Criminal Division of the Court of Common Pleas of Westmoreland County, Pennsylvania. This sentence was imposed on September 5, 2002.[1] An appeal was taken to the Superior Court of Pennsylvania at No. 2213 WDA 2002 and on February 12, 2004, the judgment of sentence was affirmed.[2] No further appellate or post-conviction relief was sought.[3]

On September 14, 2010, the petitioner executed a Motion for Discharge from Fines/Costs which was docketed in the Court of Common Pleas on October 6, 2010 and on December 6,

---

[1] See: Petition at ¶¶ 1-6.
[2] See: Superior Court Docket 2213 WDA 2002 on the Pennsylvania Unified Judicial System Webportal.
[3] See: Court of Common Pleas of Westmoreland County Docket CP-65 CR-1102-2002 also available at the above Webportal.

1

2010 Lentz filed a Motion Challenging his guilty plea and the legality of his sentence in the Court of Common Pleas.[4]

Petitioner now comes to this Court seeking to challenge the criminal proceedings on the grounds that he lacks any income to pay the fine and costs and that the trial court lacked subject-matter jurisdiction.[5]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

---

[4] See: Petition at ¶ 11 and CP-65-1102-2002 Docket Sheet.
[5] See: Petition at ¶ 12.

<mark>2</mark>

Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...

A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

As to the petitioner's recent filings in the Court of Common Pleas, it is readily apparent that he has not exhausted the available state court remedies, and for this reason his petition here is premature.

Additionally, it is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the conviction was affirmed on February 12, 2004 and leave to appeal to the Pennsylvania Supreme Court was not sought. For this reason, his conviction became final on March 13, 2004.[6] The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief, and filed nothing until the motion for discharge from fines and costs was filed on October 6, 2010. The instant petition was executed on January 7, 2011 or almost seven years after his conviction became final. Because no showing is made for any basis for equitable waiver of the timeliness issue, any challenge to the conviction is clearly time barred

Thus, for either reason or both it is recommended that the petition of Eric Lentz for a writ of habeas corpus be dismissed and because reasonable jurists could not believe a basis for appeal exists, that a certificate of appealability be denied.

Within the time specified in the Notice of Electronic Filing, any party may serve and filed written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

            Respectfully submitted,
            Robert C. Mitchell
            United States Magistrate Judge

---

[6] See: Rule 1113(a) Pa.R.App.P.