IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC LENTZ, )<br>       Petitioner, )<br>)<br>vs. )<br>)<br>COMMONWEALTH OF )<br>PENNSYLVANIA, et al., )<br>       Respondents. ) | Civil Action No. 11-39 |

O R D E R

On January 11, 2011, the petitioner Eric Lentz ("petitioner"), filed a motion for leave to proceed in forma pauperis. The motion was granted and his petition for writ of habeas corpus was filed on January 12, 2011. On January 27, 2011, the magistrate judge assigned to the case filed a Report and Recommendation (ECF No. 7) ("R&R"), recommending that the petition be dismissed for two reasons. First, the R&R concluded that, with respect to recent filings by the petitioner, specifically the September 14, 2010 Motion for Discharge from Fines/Costs filed in state court, he did not exhaust his state court remedies. Second, the R&R concluded that the petition was time barred because it was not filed until January 11, 2011, even though the petitioner's conviction became final on March 13, 2004, nearly seven years later.

On February 9, 2011, the petitioner filed objections to the R&R. In these objections, he contends that he did exhaust his state court remedies and he cites a letter, dated October 25, 2010, that he received from the Court of Common Pleas of Westmoreland County in which the state trial court's law clerk attempted to explain to him why the court could not alter a mandatory drug sentence eight years after it was imposed. (ECF No. 8 Ex. C.) He submitted a letter from

the Deputy Prothonotary of the Pennsylvania Superior Court to the Court of Common Pleas of Westmoreland County, forwarding a notice of appeal petitioner had sent to that court. (ECF No. 8 Ex. D.) Whether these submissions could support the petitioner's contention that he attempted to exhaust his state court remedies does not undermine the conclusion reached by the R&R that this petition is untimely in that it was filed seven years after his conviction became final. The time during which these filings were pending in state court cannot be excluded from the analysis because they were submitted six years after the conviction became final and because (as untimely filed documents) they do not constitute "properly filed applications for State post-conviction or other collateral review" pursuant to 28 U.S.C. § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408 (2005).

On February 9, 2011, petitioner filed a motion for appointment of counsel. This motion will be denied as moot.

AND NOW, this 7th day of March, 2011, upon consideration of the objections filed by the petitioner, and upon independent review of the petition and the record and upon consideration of the magistrate judge's Report and Recommendation (ECF No. 8), which is adopted as the opinion of this Court,

IT IS ORDERED that the petition for a writ of habeas corpus filed by petitioner (ECF No. 3) is dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (ECF No. 9) is denied as moot.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure if the petitioner desires to appeal from this Order he must do so within thirty

(30) days by filing a notice of appeal as provided in Rule 3 of the Federal Rules of Appellate Procedure.

/s/ Joy Flowers Conti  
Joy Flowers Conti  
United States District Judge

cc: Eric Lentz  
     EY-2396  
     SCI Mercer  
     801 Butler Pike  
     Mercer, PA 16137